UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:12CV791 CDP ) |
| GENERAL SITE SERVICES, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs obtained a default judgment against General Site Services, LLC. Plaintiffs now seek a creditor's bill in equity against John Dickinson and GSS, L.L.C., which plaintiffs allege are alter-ego entities of the named defendant. Dickinson and GSS now seek dismissal under Rule 12(b)(5) for insufficient service of process as to the original complaint. However, both Dickinson and GSS have retained counsel who has entered a special appearance in this case. That counsel has received copies of the plaintiffs' motion for a creditor's bill in equity. Because I find that the interests of justice and the speedy and inexpensive resolution of this action do not favor dismissal, I will deny without prejudice defendants' motion to dismiss.

## Background

Plaintiffs are individual laborers, unions, benefit plans, and trustees of funds that obtained a default judgment against General Site Services, LLC, for its failure to comply with the Employee Retirement Income Security Act of 1974 and the Labor Management Relations Act of 1947.[1] Plaintiffs filed a motion for a creditor's bill in equity in this court to pierce the corporate veil of General Site Services and thereby receive restitution from John Dickinson and GSS, LLC, which plaintiffs allege are alter egos of General Site Services.[2]

John Dickinson is the registered agent for General Site Services and in that capacity was served with the motion. Both Dickinson and GSS have retained counsel who have entered special appearance for purposes of challenging the court's jurisdiction and sufficiency of service. Plaintiffs have since sent copies of their motion for a creditor's bill in equity via first-class mail to Dickinson as agent for General Site Services as well as to counsel for Dickinson and GSS.

## Discussion

A creditor's bill is the "equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution." *Shockley v. Harry Sandar Realty Co., Inc.*, 771 S.W.2d 922, 925 (Mo. Ct. App. 1989) (citing *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th

---

[1] 29 U.S.C. §§ 1332, *et seq.* & 29 U.S.C. §§ 185, *et seq.*, respectively.
[2] GSS and General Site Services are, at this stage in the litigation, legally distinct entities.

Cir. 1979)). Absent a controlling federal statute, this court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." *H.H. Robertson Co., Cupples Prods. Div. v. V.S. DiCarlo Gen. Contractors, Inc.*, 994 F.2d 476, 477 (8th Cir. 1993) (quotation marks and citation omitted); Fed. R. Civ. P. 69(a).

Creditor's bill garnishees need not be named as parties in the original action. *Id.* at 478 (citing *Shockley*, 771 S.W.2d at 925). Rather, notice must be provided as to the motion for a creditor's bill in equity. *See id.* Garnishment notice is an indispensable prerequisite to obtaining jurisdiction over the debt garnished. *Gore v. Londoff*, 807 S.W.2d 139, 140 (Mo. Ct. App. 1991). Garnishment is a purely statutory proceeding and strict compliance with the governing statute and Rule is essential. *Meyer v. Meyer*, 571 S.W.2d 477, 479 (Mo. Ct. App. 1978) (citing Rev. Stat. Mo. § 525.020; Mo. S. Ct. Rule 90.04).

Dickinson and GSS dispute whether the propriety of service should be analyzed under Rule 4 or under Rule 5 of the Federal Rules of Civil Procedure.[3] Plaintiffs cite *H.H. Robertson Co.* in support of their argument that service on counsel provides sufficient notice. But in that case, the potential garnishees were served with a garnishee's summons before the final adjudication of the creditor's bill in equity. *See H.H. Robertson Co.*, 994 F.2d at *478. Were service on counsel

---

[3] Rule 5 allows service of motions and certain other papers on counsel who has entered an appearance on behalf of a party. Rule 4 governs service of an original complaint or a pleading which asserts a new claim for relief.

sufficient to provide notice, there would be no need for the court to highlight that fact.

I find that plaintiffs have not properly served Dickinson and GSS with notice of their motion for a creditor's bill in equity. However, I find that the interests of justice and efficiency do not weigh in favor of dismissal with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of jurisdiction and for insufficient service of process [# 20] is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs shall properly serve Dickinson and GSS with their motion by no later than **November 22, 2013.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2013.