UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:12CV791 CDP ) |
| GENERAL SITE SERVICES, LLC, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This closed matter under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.*, is before the court on plaintiffs' motion for a creditor's bill in equity and to pierce the corporate veil, which they support with affidavits and documents. Plaintiffs obtained a default judgment against General Site Services, LLC, and now seek a creditor's bill in equity against John Dickinson and GSS, LLC., which plaintiffs allege are alter-ego entities of the named defendant. Dickinson and GSS have been served with the motion, and I granted them additional time in which to respond. That time has now passed without response. For the following reasons, plaintiffs' motion for a creditor's bill in equity and to pierce the corporate veil will be granted.

**Background**

Plaintiffs are individual laborers, unions, benefit plans, and trustees of funds. Defendant General Site Services is a Missouri company that performed excavation services. John Dickinson was its owner and manager. On February 13, 2013, this court entered Default Judgment against General Site Services in the amount of $82,935.26 for delinquent contributions, liquidated damages, interest, attorneys' fees, payroll examination fees, and costs owed to the plaintiffs under collective bargaining agreements and pursuant to ERISA, 29 U.S.C. § 1132(g)(2). Doc. 13.

In a deposition conducted on April 5, 2013, Dickinson stated that General Site Services conducted business from 2005 until its closing in November or December of 2011. General Site Services has neither assets nor accounts receivable. Dickinson said that General Site Services went out of business because it was "over-leveraged." Doc. 15-7, Dickinson Tr. at 6.

On May 6, 2012, Dickinson's daughter, Amy Dickinson, formed a company called GSS, LLC, which conducts excavation services. Amy Dickinson is the sole owner of GSS, was twenty-one years old at the time of its formation, and had no prior construction experience. She performs no work for GSS and has no job duties. Instead, John Dickinson exerts total managerial control over bidding, finances, subcontracting, labor, and day-to-day operations. When asked if Amy Dickinson performs any work for GSS, Dickinson responded, "Nope. She's the

owner. I mean I can't own anything." Dickinson also stated that GSS was started "[b]ecause I can't get a job." Dickinson clarified that he was "unemployable" because of his existing debts, including those owed to the Laborers Union. Doc. 15-7, Dickinson Tr. at 26–27.

General Site Services was operated out of out of Dickinson's private residence, which he owns with his wife, and GSS operates out of the same address. Both General Site Services and GSS used Fred Weber, Inc. as a supplier, and both companies employed Chad Lawson as an operator. Amy Dickinson formerly worked for General Site Services as a bookkeeper.

## Discussion

Piercing the Corporate Veil

In *Mobius Management Systems, Inc. v. West Physician Search, LLC*, the court set forth Missouri law applicable to piercing the corporate veil to enable a plaintiff to collect a judgment:

> In order to "pierce the corporate veil," the plaintiff must first show control – not mere majority or stock control, but complete domination, not only of finances, but of policy and business practice with respect to the transaction, such that the corporate entity had no separate mind, will or existence of its own. In other words, the plaintiff must show that the corporation is the *alter ego* of the defendant. When a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice

> . . .
> Second, the plaintiff must show a breach of duty – that this control was used by the corporation to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights. It is not necessary, however, to show actual fraud. In some situations, the corporate veil may be pierced when a corporation is undercapitalized, or when its assets are stripped to avoid creditors. . . .
> . . .
> Finally, the plaintiff must show that the control and breach of duty proximately caused the injury or unjust loss.

175 S.W.3d 186, 188–89 (Mo. Ct. App. 2005) (emphasis added) (citations omitted).

*Control*

When evaluating whether an alter-ego relationship exists, courts look to a number of factors, including similarities in ownership, management, business purpose, customers, physical location of corporate offices, and transfer of assets, contracts and employees between corporations. *See Operating Engineers Local No. 101 Pension Fund v. K.C. Excavating & Grading, Inc.*, 2002 WL 1492103, at *6 (W.D. Mo. Mar. 11, 2002); *see also Woodline Motor Freight, Inc. v. NLRB*, 843 F.2d 285, 288–89 (8th Cir. 1988).

The first element of the test, control, is met in this case. Separate companies will be treated as having common ownership where their owners share close family relationships. *See NLRB v. Stowe Spinning Co.*, 336 U.S. 226, 227 (1949)

(considering companies with interlocking boards of directors and family ties to be equal); *see also N.L.R.B. v. Dane Cnty. Dairy*, 795 F.2d 1313, 1322 (7th Cir. 1986) ("Familial control constitutes common ownership and control."). John Dickinson was the owner of General Site Services, and his daughter is the sole owner of GSS. As such, they share close family ties, and the two companies will be considered to have common ownership. Additionally, it is undisputed that John Dickinson bears all managerial and day-to-day responsibilities for GSS and that he did so for General Site Services. Both companies perform commercial excavation work, and both companies employed Chad Lawson as an operator. Finally, both GSS and General Site Services share the same business address. I find that GSS is the alter ego of General Site Services and its owner, John Dickinson.

*Breach of Duty*

Plaintiffs allege that General Site Services was delinquent in its benefit contributions and that Dickinson created GSS in order to frustrate their collection efforts. During his deposition, Dickinson admitted that GSS was created because he was "unemployable" due to his debts, including those owed to the Laborers International Union. When asked about his daughter's involvement, he said it was because he "can't own anything." Plaintiffs have shown that John Dickinson and General Site Services have breached their duty to contribute to the benefit funds

and that GSS was created, at least in part, to avoid paying liabilities stemming from that breach.

Additionally, Dickinson stated that General Site Services was overleveraged. Missouri courts have found the second element met "where a corporation was 'operating it without sufficient funds to meet obligations to those who must deal with it.'" *Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 308 (8th Cir. 1992) (quoting *May Department Stores Co. v. Union Electric Light & Power Co.*, 107 S.W.2d 41, 55 (Mo. 1937)). Such actions constitute "circumstantial evidence tending to show either an improper purpose or reckless disregard of the rights of others." *Id.* (quoting *Consolidated Sun Ray, Inc. v. Oppenstein*, 335 F.2d 801 (8th Cir. 1964). Plaintiffs have provided evidence that General Site Services took on significant benefit obligations with no ability to meet those obligations. In doing so, it and John Dickinson acted at the minimum with reckless disregard to the plaintiffs' rights.[1]

*Causation*

Plaintiffs must show that the control and breach of duty proximately caused the injury or unjust loss. *Mobius*, 175 S.W.3d at 189. John Dickinson, through

---

[1] This is not the first time that John Dickinson and General Site Services have been before me. In December of 2007, I entered judgment against General Site Services as the alter ego of two other companies that had also failed to pay employee benefit contributions. *See Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc.*, 552 F. Supp. 2d 952 (E.D. Mo. 2007).

General Site Services, incurred significant obligations to plaintiffs with no ability to pay the amounts owed, and now conducts business as GSS. This satisfies the causation requirement, as the only reason plaintiffs have not been paid is because General Site Services lacks sufficient capital to satisfy the judgment. I find that the corporate veil should be pierced to enable Plaintiffs to collect the judgment against General Site Services from GSS and the personal assets of John Dickinson.

## Creditor's Bill in Equity

A federal court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law.'" *H.H. Robertson Co. v. V.S. DiCarlo General*, 994 F.2d 476, 477 (8th Cir. 1993) (quotation omitted). Missouri law recognizes the availability of the creditor's bill in equity. *Id.* (citing *Shockley v. Harry Sander Realty Co.*, 771 S.W.2d 922, 925 (Mo. Ct. App. 1989)). "[T]he creditor's bill enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" *Id.* (quoting *Shockley*, 771 S.W.2d at 925). Creditor's bill garnishees need not be named as parties in the original action. *Id.* at 478 (citing *Shockley*, 771 S.W.2d at 925). Indeed, the empty-shell corporation must have received sufficient notice of the enforcement of the judgment through the creditor's bill in equity. *Id.*

The prerequisites to obtaining a creditor's bill are the existence of a judgment, the issuance of execution against that judgment, and a *nulla bona* return. *Shockley*, 771 S.W.2d at 925. "But the cases hold that, where it is shown that the judgment debtor was insolvent, and that the issue of an execution would necessarily be of no practical utility, its issue might be dispensed with." *Buckley v. Maupin*, 125 S.W.2d 820, 823 (Mo. 1939).

In the matter under consideration, Plaintiffs have provided John Dickinson and GSS with notice of the pending motion and they have not responded. A judgment has been obtained and the evidence before the court shows that General Site Services is insolvent. The court finds, therefore, that Plaintiffs are entitled to a creditor's bill in order to satisfy the judgment against General Site Services from the assets of GSS, LLC and John Dickinson.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion for a creditor's bill in equity and to pierce the corporate veil [# 14] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2014.